JOURNAL ENTRY and OPINION
This case is before the court on appeal from a decision of the common pleas court finding appellant is a sexual predator. Appellant raises four assignments of error as follows:
 I. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES WHERE THE STATE PRESENTED ONLY ELEVEN YEAR OLD HEARSAY EVIDENCE.
 II. OHIO'S SEXUAL PREDATOR STATUTE VIOLATES THE CONCEPTS OF SEPARATION OF POWERS BECAUSE IT FORCES A TRIAL COURT TO INVESTIGATE, PROSECUTE, AND ADJUDICATE INDIVIDUALS AS SEXUAL PREDATORS.
 III. THE FACTORS LISTED AT R.C. 2950.09(B)(2) VIOLATE THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, BECAUSE THE LEGISLATURE DID NOT PROVIDE TRIAL COURTS WITH GUIDANCE ON HOW THE FACTORS SHOULD BE USED.
 IV. R.C. 2950.09(C) VIOLATES THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION BECAUSE A WRITTEN CHARGE WAS NOT PROVIDED TO THE APPELLANT.
For the reasons that follow, we find no error in the trial court's ruling and affirm its decision.
 PROCEDURAL HISTORY
In Case No. CR-236,786, appellant entered a guilty plea to a charge of attempted rape and was sentenced to three years' probation on August 17, 1989. His probation was revoked on March 28, 1990 after he was convicted for soliciting prostitution in Case No. 90-CRB-003588; he was then sentenced to three to fifteen years' imprisonment.
On November 16, 1992, appellant was charged with three counts of rape in Case No. CR-288,585 arising from events that occurred in 1989 when he was on probation in Case No. CR-236,786. Appellant entered a plea of guilty to sexual battery and corruption of a minor and was sentenced to concurrent terms of one year imprisonment on each count, to run concurrently with the sentence in Case No. CR-236,786.
In June 1997, the court set a hearing in both cases to determine whether appellant was a sexual predator. Although the court initially dismissed this proceeding, it subsequently vacated the dismissal order and held a hearing on February 1, 2000.
On February 10, 2000, the court entered the following order in each case, finding appellant was a sexual predator:
 Upon receipt of a recommendation from the department of corrections and rehabilitation that the defendant be adjudicated as a sexual predator, the court proceeded to a hearing in the manner set forth in R.C. 2950.09(B)(1).
 Upon consideration of the factors set forth in R.C. 2950.09(B)(2) and the evidence presented herein, the court finds that defendant is a sexually oriented offender by reason of his conviction for a sexually oriented offense and does find by clear and convincing evidence that the defendant is likely to engage in the future in one or more sexually oriented offenses.
 Pursuant to R.C. 2950.09(C), the court therefore determines and adjudicates that the defendant is a sexual predator.
 The sheriff is ordered to return the defendant to the appropriate correctional facility.
 Official in charge of the defendant's correctional facility, or designee thereof, is hereby ordered to enter the within determination in the defendant's institutional record and to notify the defendant of all applicable registration duties as set forth in R.C. 2950.03.
Appellant has timely appealed these rulings.
 LAW AND ANALYSIS
In his first assignment of error, appellant complains that the evidence was insufficient to support a finding by clear and convincing evidence that he was likely to engage in the future in one or more sexually oriented offenses. During the hearing, the state presented copies of the statements the victims made to police, describing the facts underlying the convictions. In Case No. CR-236,786, the victim reported that the defendant forced her to disrobe at knife point in his car, masturbated, then raped her. He identified himself to her as the East Cleveland Rapist. This statement implies that the offender committed other sexually oriented offenses in the past. In Case No. CR-288,585, the victim, appellant's daughter, related that he had oral and vaginal sexual relations with her on multiple occasions in September and October 1989, after he had been placed on probation in Case No. CR-236,786. The girl was a minor at the time. She said the appellant told her that either she would have to go back to live with her grandmother (with whom the girl was having problems) or appellant would have to act on his feelings.
While appellant complains that these statements are stale, they are the only available statements contemporaneous with the events underlying the charges. No sworn trial testimony existed because appellant had plead guilty. Therefore, the statements are at least arguably the most likely to describe the crimes accurately. The fact that appellant committed multiple offenses with multiple victims (including his own minor child) under such very different circumstances demonstrates, by clear and convincing evidence, a likelihood that appellant will engage in sexually oriented offenses in the future. Therefore, we overrule the first assignment of error.
Appellant's second assignment of error claims the sexual predator statute violates the concept of separation of powers and denies him due process because the court can rely on facts it finds in the record. As this court previously held in State v. Gibson (Dec. 7, 2000), Cuyahoga App. No. 76875, unreported, at 7-8, [w]hether [the] relevant factors are present can be ascertained by new information provided by the state and/or information previously presented to the court through disposition of the underlying offense. No improper investigation by the court is conducted. Therefore, the second assignment of error is overruled.
Appellant's third assignment of error complains the sexual predator statute deprives him of liberty without due process. He claims the statute is subject to arbitrary application because it does not provide the trial courts with guidance about how to apply the statutory factors. However, this argument ignores the fundamental inquiry that the legislature directs the court to perform, that is, to determine whether there is clear and convincing evidence that the offender is likely to engage in the future in one or more sexually oriented offenses. The statute requires the court to consider all relevant factors in making this determination, including but not limited to the listed factors. Neither the clear and convincing evidence standard nor the assessment of the likelihood of the defendant's future conduct is subject to arbitrary application. State v. Williams (2000), 88 Ohio St.3d 513, 533-34; State v. Ward (1999), 130 Ohio App.3d 551, 569; State v. Gibson (Dec. 7, 2000), Cuyahoga App. No. 76875, unreported, at 10. The statute's broad description of the factors the court should consider in making this assessment is necessary to allow for individual evaluations. Williams,88 Ohio St.3d at 534. There-fore, we overrule the third assignment of error.
The fourth assignment of error complains that the sexual predator statute deprived him of procedural due process because the statute did not provide him with adequate written notice of the evidence and reasoning underlying the corrections department's recommendation that he be found to be a sexual predator, did not clearly allocate the burden of going forward, and afforded inadequate discovery. This court has previously held that R.C. 2950.09 affords the offender adequate notice and an opportunity to defend. State v. Ward (1999), 130 Ohio App.3d 551,559.
Appellant obviously had a copy of the corrections department's recommendation and its attachments because he presented it at the hearing as defendant's exhibit A. Therefore, he appears to have had as much access to the department's reasoning as the court and the state. The corrections department's recommendation only serves to initiate the court proceedings and is not binding on the court. See R.C. 2950.09(C)(1) and (2). Consequently, any further notice of the basis for the recommendation would not be meaningful to the offender in allowing him or her to respond to the proposed classification as a sexual predator.
Appellant has not explained how he may have been deprived of access to facts needed to defend against a sexual predator classification. The opportunity to respond to the government's evidence does not require advance notice of the specific evidence upon which the state intends to rely. The offender is aware that the judge must consider all relevant factors to determine whether he or she is likely to commit a sexually oriented offense in the future and has access to the record of the underlying conviction. Appellant has not shown how the absence of more specific information has prejudiced his ability fairly to defend himself.
Therefore, the fourth assignment of error is overruled.
For these reasons, we affirm the classification of appellant as a sexual predator.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and ANN DYKE, J. CONCUR